**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BURBERRY LIMITED, | ) | |
| a United Kingdom Corporation, and | ) | |
| | ) | |
| BURBERRY LIMITED, | ) | |
| a New York Corporation, | ) | Civil Action No.: |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| TARGET CORPORATION and | ) | |
| TARGET BRANDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TRADEMARK COUNTERFEITING,**
**TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,**
**FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiffs Burberry Limited, a United Kingdom corporation, and Burberry Limited, a New York corporation, (collectively, "Burberry" or "Plaintiffs") complain and allege against Defendants Target Corporation and Target Brands, Inc. (collectively, "Target" or "Defendants"), as follows:

**NATURE OF THE DISPUTE**

1.      This action arises from Target's repeated, willful, and egregious misappropriation of Burberry's famous and iconic luxury check trademarks (collectively, the "BURBERRY CHECK Trademark").  Despite being aware of Burberry's exclusive trademark rights, Target nevertheless has repeatedly infringed these rights by selling a variety of products bearing close imitations and counterfeits of the BURBERRY CHECK trademark, including eyewear, luggage, stainless-steel bottles, and, most recently, scarves.

2.     Set forth below on the left are images of genuine Burberry scarves bearing the famous BURBERRY CHECK Trademark.  On the right are images of two scarves offered for sale by Target and promoted as "Fashion Scarves."

| Genuine Burberry Scarves | Target's Infringing Scarves |
|---|---|



3.     Although Target's copycat scarves are of inferior quality, they are superficially indistinguishable from genuine Burberry scarves.  Target's sale of these infringing scarves is all the more egregious given that Target had received a cease-and-desist letter from Burberry in early 2017 regarding the sale of several *different* products bearing unauthorized reproductions of the BURBERRY CHECK Trademark.

4.     Target's pattern and practice of offering for sale and selling various products featuring the BURBERRY CHECK Trademark or confusingly similar variants thereof must end. Target's misuse of the BURBERRY CHECK Trademark on counterfeit and infringing

merchandise has significantly injured Burberry's hard-earned reputation and goodwill, and has diluted the distinctiveness of the famous BURBERRY CHECK Trademark. Target's repeated actions are willful, intentional, and damaging to Burberry and the famous BURBERRY CHECK Trademark.

5.    Accordingly, Burberry now brings this action against Target for trademark counterfeiting, infringement, trademark dilution and for violations of the New York State common law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York.

## THE PARTIES

### Plaintiffs

6.    Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom ("Burberry (UK)").

7.    Burberry Limited is a corporation duly organized under the laws of New York with a principal place of business at 444 Madison Avenue, New York, New York 10022 ("Burberry (US)"). Burberry (US) has eight retail locations in New York, including its flagship store on East 57th Street in Manhattan.

### Defendants

8.    Upon information and belief, Target Corporation is a corporation duly organized under the laws of Minnesota with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

9.      Upon information and belief, Target Brands, Inc. is a corporation duly organized under the laws of Minnesota with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

10.     Upon information and belief, Defendants procure, market, distribute, offer for sale, and sell a wide array of merchandise nationwide, including in New York, through the target.com website and through various brick-and-mortar Target retail stores located in New York and elsewhere.   Target Brands, Inc. is the registered owner and administrator of the target.com website.

## JURISDICTION AND VENUE

11.     This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), Sections 349 and 360-1 of the New York Business Law, and the common law of the State of New York.

12.     This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338 (b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act.   This Court has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

13.     This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. § 302(a) because Target regularly transacts, conducts, or solicits business in New York and within this District, or engages in other persistent courses of conduct and/or derives substantial

revenue from goods used or consumed or from services rendered in New York; Target regularly and systematically directs electronic activity into New York with the intent of engaging in business in this District; Target owns, uses, and/or possesses real property situated in New York; the products giving rise to this action were offered for sale and/or sold by Target in New York through brick-and-mortar retail locations in this State and/or through the target.com website, and Target has shipped such products to consumers in New York; Target Corporation is registered with the Secretary of State to do business in New York, and also maintains a corporate office within this District at 521 West 25th Street, New York, NY 10001; and the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Burberry within New York and in this District.

14.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### A.     Burberry and the Famous BURBERRY CHECK Trademark

15.     Burberry is an internationally recognized global luxury brand with a distinctive British heritage and a reputation of design, innovation, and craftsmanship.  Burberry is involved in the design, manufacture, advertising, distribution, and sale of a wide variety of luxury products, including apparel and accessories.

16.     Burberry's corporate heritage is rooted in Basingstoke, England, where Mr. Thomas Burberry first opened an outfitters shop in 1856.  Burberry introduced the BURBERRY CHECK Trademark in the 1920's and Burberry has used it on various products since that time. The BURBERRY CHECK Trademark is not only registered in a distinctive red, camel, black and white check color pattern, but also without any color designation, which provides Burberry with the exclusive right to use the BURBERRY CHECK Trademark in any color combination.

Burberry has used the BURBERRY CHECK Trademark in both the original colors and numerous other color combinations for nearly a century.

17.     Examples of the BURBERRY CHECK Trademark are set forth below:



18.     The BURBERRY CHECK Trademark registrations are in full force and effect and Burberry's exclusive rights to the BURBERRY CHECK Trademark have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of federal trademark registration certificates for the BURBERRY CHECK Trademark are attached hereto as **Exhibit A**.

19.     The BURBERRY CHECK Trademark serves as a source-identifier for genuine Burberry merchandise and is used on or in connection with nearly all products offered by Burberry in the United States, including scarves, luggage, eyewear, home accessories, handbags, wallets, shoes, and clothing for men, women, and children.

20.      Burberry has invested significant time, energy, and money advertising, promoting, and selling merchandise featuring the BURBERRY CHECK Trademark, as well as ensuring the high quality of the products it sells which bear the BURBERRY CHECK Trademark.  Burberry's efforts have resulted in widespread and favorable public acceptance and recognition of the BURBERRY CHECK Trademark.   Indeed, the BURBERRY CHECK

Trademark has become a famous, iconic mark synonymous with Burberry and its luxury products, and representative of enormous goodwill.

**B.    Target's Repeated Violations of Burberry's Rights in the BURBERRY CHECK Trademark**

21.    Target is one of the largest upscale discount retailers in the United States, with nearly 2,000 stores and 39 distribution centers in the United States and an online retail business at target.com.  Target sells a variety of products, ranging from apparel and accessories to home furnishings and decor.

22.    Target has imported, distributed, promoted, offered for sale, and/or sold various products using close copies or counterfeits of the BURBURRY CHECK Trademark without license, authority, or other permission from Burberry to use its BURBURRY CHECK Trademark.

23.    In December 2017, Burberry discovered that Target was marketing, offering for sale and selling scarves featuring spurious copies of the BURBERRY CHECK Trademark in a variety of colors (the "Infringing Scarves").  The Infringing Scarves were not manufactured, packaged, or approved for sale and/or distribution by Burberry.

24.    The Infringing Scarves were promoted by Target as "Fashion Scarves," and marketed as "chic" and "sophisticated" as shown by the advertisements in **Exhibit B**.   Even though Target's Infringing Scarves are of inferior quality, they are visually identical to genuine BURBERRY CHECK Trademark scarves.

25.    For comparison purposes, set forth below are images of Infringing Scarves as they were promoted on the target.com website, alongside images of genuine Burberry scarves bearing the BURBERRY CHECK Trademark.

| Genuine Burberry Scarves | Target's Infringing Scarves |
|:---:|:---:|



| Genuine Burberry Scarves | Target's Infringing Scarves |
|---|---|



26.    At the time Target chose to advertise and sell the Infringing Scarves, it was well aware of Burberry's long-standing, exclusive rights in the BURBERRY CHECK Trademark and of Burberry's objection to Target's sale of products bearing a spurious BURBERRY CHECK Trademark.

27.     Indeed, earlier in 2017, Burberry sent a cease-and-desist letter to Target regarding its sale of several products bearing unauthorized copies of the BURBERRY CHECK Trademark, including the eyeglass case shown in **Exhibit C** ("Infringing Eyewear"), the luggage shown in **Exhibit D** which was offered in various sizes ("Infringing Luggage"), and the stainless-steel water bottles shown in **Exhibit E** ("Infringing Bottle"). The Infringing Scarves, Infringing Eyewear, Infringing Luggage and Infringing Bottle are collectively referred to as the "Infringing Products."

28.     Shown below are representative images of the Infringing Eyewear, Infringing Luggage, and Infringing Bottle alongside genuine Burberry merchandise bearing the BURBERRY CHECK Trademarks.

| *Genuine Burberry Merchandise* | *Target's Infringing Eyewear* |
|---|---|
|  |  |

| Genuine Burberry Merchandise | Target's Infringing Luggage |
|---|---|
|  | |
| Genuine Burberry Merchandise | Target's Infringing Bottle |

29.     The Infringing Products, all of which bear blatant reproductions of the BURBERRY CHECK Trademark, were not manufactured, packaged, or approved for sale and/or distribution by Burberry.

30.     Target sold each of the Infringing Products despite having actual and specific knowledge of Burberry's rights in the famous BURBERRY CHECK Trademark and of Burberry's objection to Target's sale of products bearing unauthorized copies of the BURBERRY CHECK Trademark.

31.     Target's conduct is willful, intentional, and represents a conscious disregard for Burberry's rights in the BURBERRY CHECK Trademark and a calculated decision to misappropriate the enormous goodwill represented by the BURBERRY CHECK Trademark. Further, the fact that Target continued its unlawful conduct by selling the Infringing Scarves within months of receiving Burberry's cease-and-desist letter regarding the Infringing Eyewear, Luggage, and Bottle demonstrates Target's intent to continue selling infringing merchandise without regard for Burberry's intellectual property rights.

32.     Target's conduct is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Products are either affiliated with, endorsed or authorized by, or somehow connected to Burberry, or that the Infringing Products sold and promoted by Target are genuine Burberry products.  Moreover, Target's well-publicized history of collaborating with popular brands and fashion designers to promote and sell Target-exclusive limited edition collections further heightens the risk of such consumer confusion.

33.     The activities complained of herein have and continue to irreparably harm Burberry and dilute the distinctive quality of the BURBERRY CHECK Trademark.   Further, Defendants' egregious conduct makes this an exceptional case.

## FIRST CLAIM FOR RELIEF

### Trademark Counterfeiting Under Section 32 of the Lanham Act

34.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 33 above.

35.     Defendants have used in connection with the Infringing Products spurious designations that are identical with, or substantially indistinguishable from, the BURBERRY CHECK Trademark for which Burberry holds federal trademark registrations. Defendants have used these spurious designations in commerce in connection with the advertising, sale, offering

for sale and/or distribution of the Infringing Products for their own financial gain. Burberry has not authorized Defendants' use of the BURBERRY CHECK Trademark to advertise, offer for sale, sell and/or distribute Defendants' Infringing Products.

36.     At all relevant times, Defendants had actual and direct knowledge of Burberry's prior use and ownership of the BURBERRY CHECK Trademark.  Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the BURBERRY CHECK Trademark.

37.     Defendants' acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**SECOND CLAIM FOR RELIEF**

**Trademark Infringement Under Section 32 of the Lanham Act**

39.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 38 above.

40.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

41.     The BURBERRY CHECK Trademark is federally registered. This mark has also acquired extraordinary fame and distinctiveness and is associated in the mind of the public exclusively with Burberry.

42.     Defendants have used the BURBERRY CHECK Trademark in connection with the Infringing Products without Burberry's consent or authorization. Defendants' use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendants' products emanate or originate from Burberry, or that Burberry has approved, sponsored, or otherwise associated itself with Defendants or their Infringing Products.

43.     Through the unauthorized use of the BURBERRY CHECK Trademark, Defendants are unfairly benefiting from and misappropriating Burberry's goodwill and reputation, as well as the fame of the BURBERRY CHECK Trademark. This has resulted in substantial and irreparable injury to the public and to Burberry.

44.     At all relevant times, Defendants had actual and direct knowledge of Burberry's prior use and ownership of the BURBERRY CHECK Trademark.  Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the BURBERRY CHECK Trademark.

45.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### THIRD CLAIM FOR RELIEF

### False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

47.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 46 above.

48.     Defendants' unauthorized use in commerce of spurious copies of the BURBERRY CHECK Trademark in connection with the distribution, advertising, promotion, offering for sale, and/or sale of the Infringing Products constitutes use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Burberry and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendants' actions as alleged herein, including but not limited to their unauthorized use in commerce of spurious copies of the BURBERRY CHECK Trademark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendants with Burberry and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     At all relevant times, Defendants had actual and direct knowledge of Burberry's prior use and ownership of the BURBERRY CHECK Trademark.  Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the BURBERRY CHECK Trademark.

51.     Defendants' wrongful acts will continue unless enjoined by this Court.

52.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**FOURTH CLAIM FOR RELIEF**

**Trademark Dilution Under 43(c) of the Lanham Act**

53.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 52 above.

54.    Burberry Limited (UK) is the exclusive owner of the BURBERRY CHECK Trademark.

55.    The BURBERRY CHECK Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants began offering for sale, selling, and promoting Infringing Products bearing indistinguishable copies of the BURBERRY CHECK Trademark. The BURBERRY CHECK Trademark is famous because, among other things: (1) the BURBERRY CHECK Trademark has a high degree of distinctiveness; (2) the BURBERRY CHECK Trademark has been used continuously and exclusively for decades throughout the United States to identify many goods and services; (3) Burberry has extensively and continuously advertised and publicized the BURBERRY CHECK Trademark for decades throughout the United States; (4) Burberry has used its BURBERRY CHECK Trademark in a trading area of broad geographical scope; (5) the BURBERRY CHECK Trademark is among the preeminent marks in the United States; (6) the BURBERRY CHECK Trademark is famous and has an extremely high degree of recognition among consumers; and (7) the BURBERRY CHECK Trademark is the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

56.    Long after the BURBERRY CHECK Trademark became famous, Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the BURBERRY CHECK Trademark. Defendants' use of the

BURBERRY CHECK Trademark dilutes and/or is likely to dilute the distinctive quality of the BURBERRY CHECK Trademark and to lessen the capacity of such mark to identify and distinguish Burberry's goods. Defendants' unlawful use of the BURBERRY CHECK Trademark in connection with inferior, counterfeit goods is also likely to tarnish that trademark and cause blurring in the minds of consumers of the distinctiveness of the BURBERRY CHECK Trademark and its exclusive association with Burberry, thereby lessening the value of the BURBERRY CHECK Trademark as a unique identifier of Burberry and its products.

57.    At all relevant times, Defendants had actual and direct knowledge of Burberry's prior use and ownership of the BURBERRY CHECK Trademark.  Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the BURBERRY CHECK Trademark.

58.    By the acts described above, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous BURBERRY CHECK Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.    Defendants' wrongful acts will continue unless enjoined by this Court.

60.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

### Deceptive Acts and Practices Under
### Section 349 of New York General Business Law

61.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 60 above.

62.     Through its distribution, advertisement, promotion, offering for sale, and sale of Infringing Products bearing marks confusingly similar to the BURBERRY CHECK Trademark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

63.     By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

64.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### SIXTH CLAIM FOR RELIEF

#### Trademark Dilution and Likelihood of Injury to Business Reputation
#### Under Section 360-l of New York General Business Law

65.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 64 above.

66.     Burberry Limited (UK) is the exclusive owner of the BURBERRY CHECK Trademark

67.     Through prominent, long and continuous use in commerce, including commerce within New York, the BURBERRY CHECK Trademark has become and continues to be famous and distinctive.

68.     Long after the BURBERRY CHECK Trademark became famous, Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the BURBERRY CHECK Trademark. Defendants' use of the BURBERRY CHECK Trademark dilutes and/or is likely to dilute the distinctive quality of those

marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. Defendants' unlawful use of the BURBERRY CHECK Trademark in connection with inferior, counterfeit goods is also likely to tarnish that trademark and Burberry and cause blurring in the minds of consumers as to the distinctiveness of the BURBERRY CHECK Trademark and its exclusive association with Burberry, thereby lessening the value of the BURBERRY CHECK Trademark as unique identifiers of Burberry's products.

69.    By the acts described above, Defendants have diluted the distinctiveness of the BURBERRY CHECK Trademark and caused a likelihood of harm to Burberry's business reputation in violation of Section 360-1 of the New York General Business Law.

70.    Defendants' wrongful acts will continue unless enjoined by this Court.

71.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

<u>SEVENTH CLAIM FOR RELIEF</u>

<u>Trademark Infringement Under Common Law</u>

72.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 71 above.

73.    By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

74.    Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### Unfair Competition Under Common Law

75.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 74 above.

76.     By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the State of New York.

77.     Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Burberry prays:

A.     For judgment that Defendants Target Corporation and Target Brands, Inc.:

(i)     have violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

(ii)     have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)     have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)     have engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v)     have diluted the BURBERRY CHECK Trademark in violation of Section 360-l of the New York General Business Law;

(vi)     have engaged in trademark infringement under the common law of the State of New York; and

(vii)     have engaged in unfair competition in violation of the common law of the State of New York.

B.     That an injunction be issued enjoining and restraining Defendants Target Corporation, Target Brands, Inc., each of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it from:

(i)     Using the BURBERRY CHECK Trademark or any other reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK Trademark on or in connection with any goods or services;

(ii)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Burberry's business reputation or dilute the distinctive quality of the BURBERRY CHECK Trademark, including through the continued importation, distribution, sale or offering for sale of counterfeit Burberry products;

(iii)   Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the BURBERRY CHECK Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products;

(iv)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved, or authorized by Burberry;

(v)     Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe or dilute the BURBERRY CHECK Trademark; and

(vi)    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v).

C.      For the entry of an order directing Defendants Target Corporation and Target Brands, Inc. to deliver up for destruction to Burberry all products, advertisements, promotional materials, and packaging in their possession or under their control bearing the BURBERRY CHECK Trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118;

D.     For an assessment of: (a) damages suffered by Burberry, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendants derived while using counterfeits and/or infringements of the BURBERRY CHECK Trademark, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to Burberry pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendants have counterfeited and/or infringed, as well as attorneys' fees and costs; and (d) an award of Burberry's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (e) profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and (f) punitive damages to the full extent available under the law; and

E.     For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated: May 2, 2018                              STEPTOE & JOHNSON LLP

                                        By: _____
                                            Michael J. Allan
                                            William G. Pecau
                                            1330 Connecticut Avenue, N.W.
                                            Washington, D.C. 20036
                                            (202) 429-3000
                                            mallan@steptoe.com
                                            wpecau@steptoe.com

                                            Evan Glassman
                                            1114 Avenue of the Americas
                                            New York, New York 10036
                                            (212) 506-3909
                                            eglassman@steptoe.com

                                            *Counsel for Plaintiffs Burberry Limited,*
                                            *a United Kingdom corporation, and*
                                            *Burberry Limited, a New York corporation*