Lita Beth Wright
Kelly McCullough
STORCH AMINI PC
2 Grand Central Tower
140 E. 45th Street, 25th Floor
New York, NY 10017
Telephone: (212) 490-4100
Fax: (212) 490-4208
Email: lbwright@storchamini.com

James R. Steffen (to be admitted *pro hac vice*)
Peter M. Routhier (to be admitted *pro hac vice*)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612)-766-1600
Email: Peter.Routhier@FaegreBD.com

*Attorneys for Defendants Target Corporation and Target Brands, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BURBERRY LIMITED and BURBERRY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION and TARGET BRANDS, INC.<br><br>Defendants. | No. 1:18-cv-03946-LAK<br><br>(Jury Trial Demanded) |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

For their joint and separate Answer to the May 3, 2018 Complaint of Plaintiffs Burberry Limited, a United Kingdom Corporation, and Burberry Limited, a New York Corporation (collectively, "Burberry" or "Plaintiffs"), Defendants Target Corporation ("TC") and Target

1

Brands, Inc. ("TBI") (together, "Defendants") make the following answers, statements, and allegations. Except as hereinafter admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion made in the Complaint.

## NATURE OF THE DISPUTE

1. Denied

2. Defendants deny that TBI has sold any scarves. Defendants admit that TC previously offered for sale certain scarves on Target.com. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 of the Complaint.

3. Denied, except Defendants admit that, in early 2017, Burberry sent a letter to TC asserting that certain of Burberry's alleged trademark rights were infringed by the sale of several different products.

4. Denied.

5. Answering Paragraph 5 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

### The Parties

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

US.118090525.01

10. Denied, except Defendants admit that TC procures, markets, distributes, offers for sale, and sells a wide array of merchandise nationwide, including in New York, in stores and online.

### Jurisdiction and Venue

11. Answering Paragraph 11 of the Complaint, Defendants state that the allegations contain legal conclusions to which no response is required; otherwise, Defendants deny the allegations set forth therein.

12. Answering Paragraph 12 of the Complaint, Defendants admit that this Court has subject matter jurisdiction.

13. Denied, except TC admits that this Court has personal jurisdiction over TC. Defendants deny that this Court has personal jurisdiction over TBI.

14. Denied.

### FACTUAL BACKGROUND

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendants deny that the numerous separate marks reflected in the registrations of Exhibit A can properly be said to reflect rights in a single "BURBERRY CHECK Trademark." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 18 of the Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Denied, except Defendants admit that TC is one of the largest retailers in the United States, that TC has stores, distribution centers, and an online retail business at target.com, and that TC sells a variety of products, including apparel, accessories, home furnishings, and décor.

22. Denied.

23. Denied, except Defendants are without knowledge or information sufficient to form a belief as to whether the scarves were manufactured, packaged, or approved for sale and/or distribution by Burberry.

24. Denied, except Defendants admit that Exhibit B appears to be a screenshot of a Target.com webpage, and the webpage speaks for itself.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Denied.

27. Denied, except Defendants admit that Burberry sent TC a letter in 2017, and the letter speaks for itself.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

US.118090525.01

29. Denied, except Defendants are without knowledge or information sufficient to form a belief as to whether the scarves were manufactured, packaged, or approved for sale and/or distribution by Burberry.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### FIRST CLAIM FOR RELIEF

34. Answering Paragraph 34 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

35. Denied, except Defendants admit that Burberry has not provided Defendants with authorization to use "the BURBERRY CHECK Trademark."

36. Denied.

37. Denied.

38. Denied.

### SECOND CLAIM FOR RELIEF

39. Answering Paragraph 39 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

40. Answering Paragraph 40 of the Complaint, Defendants state that the allegations contain legal conclusion to which no response is required; otherwise, Defendants deny the allegations set forth therein.

41. Denied, except Defendants admit that Exhibit A contains a number of federal trademark registration certificates, which speak for themselves.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## THIRD CLAIM FOR RELIEF

47. Answering Paragraph 47 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## FOURTH CLAIM FOR RELIEF

53. Answering Paragraph 53 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

### FIFTH CLAIM FOR RELIEF

61. Answering Paragraph 61 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

62. Denied.

63. Denied.

64. Denied.

### SIXTH CLAIM FOR RELIEF

65. Answering Paragraph 65 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

### SEVENTH CLAIM FOR RELIEF

72. Answering Paragraph 72 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

73. Denied.

74. Denied.

## **EIGHTH CLAIM FOR RELIEF**

75. Answering Paragraph 75 of the Complaint, Defendants repeat, reallege, and incorporate by reference all prior paragraphs of this Answer.

76. Denied.

77. Denied.

### **Prayer for Relief**

Defendants deny each allegation contained in the "WHEREFORE" clause of the Complaint, and deny that Plaintiffs are entitled to any relief whatsoever in this action.

### **First Affirmative Defense**

This Court lacks personal jurisdiction over Target Brands, Inc.

### **Second Affirmative Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **Third Affirmative Defense**

Burberry Limited, the New York corporation, lacks standing because Burberry Limited, the United Kingdom Corporation, claims to be "the exclusive owner of the BURBERRY CHECK Trademark."

### **Fourth Affirmative Defense**

Venue is improper in this district.

### **Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, acquiescence, estoppel, and/or laches

**WHEREFORE**, Target respectfully requests that the Court enter a judgment:

(a) Dismissing Plaintiff's claims against Defendants with prejudice and on the merits;

(b) Awarding Defendants its costs of the suit herein;

(c) Awarding Defendants such attorney's fees as may be allowed by applicable law; and

(d) Awarding Defendants such other relief as the Court may deem just and equitable under the circumstances.

## **JURY DEMAND**

Defendant Target Corporation hereby demands a trial by Jury.

Dated: New York, New York
       June 1, 2018

                                                   /s/ Lita Beth Wright
Lita Beth Wright
Kelly McCullough
STORCH AMINI PC
2 Grand Central Tower
140 E. 45th Street, 25th Floor
New York, NY 10017
Telephone: (212) 490-4100
Fax: (212) 490-4208
Email: lbwright@storchamini.com

*Attorneys for Defendants Target Corporation and Target Brands, Inc.*